IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GENE A. DOWNS                                                PLAINTIFF

VS.                                                      NO. 3:06cv632

WEYERHAEUSER COMPANY, ET AL                         DEFENDANTS


ORDER

        This employment dispute is before the Court on the Motion to Dismiss filed by

Defendants Charles Bean, Charles Barnes, Bobby Lane, Doug Robinson, Paul Holloway, and

Dwayne Ritchie (collectively, the "management defendants") and the Partial Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Weyerhaeuser Company

("Weyerhaeuser").  Plaintiff Gene A. Downs has responded in opposition to the motions.  The

Court, having considered the parties' submissions and the relevant authorities, concludes that the

motions of the management defendants should be granted and that Weyerhaeuser's motion

should be granted in part and denied in part.

I.      Facts/Procedural History

        Plaintiff avers that on May 19, 2005, he was escorted from Weyerhaeuser's premises by

the police as a result of a "discussion" with his supervisor.  Plaintiff's employment with

Weyerhaeuser was subsequently terminated.  Plaintiff alleges that the events of May 19 were a

pretext for his firing and that he has suffered discrimination on the basis of race, age and

disability.  He also alleges a variety of tort claims.

1

II.     Analysis

Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure and submitted the declaration of Charles Barnes in support of
their motion.  Many of Plaintiff's claims are due to be dismissed based on a Rule 12(b)(6)
standard because they fail to state a claim upon which relief can be granted.  However, the Court
has accepted and considered Barnes's declaration in ruling on certain claims, and because the
submission falls outside the pleadings, the Court has converted the motions to motions for
summary judgment.  Fed. R. Civ. P. 12(b)(6); *see also Burns v. Harris County Bail Bond Bd.*,
139 F.3d 513, 517 (5th Cir. 1998).

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure
when evidence reveals no genuine dispute regarding any material fact and that the moving party
is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,
after adequate time for discovery and upon motion, against a party who fails to make a sufficient
showing to establish the existence of an element essential to that party's case, and on which that
party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.
Ct. 2548, 91 L. Ed. 2d 265 (1986).  The party moving for summary judgment bears the initial
responsibility of informing the district court of the basis for its motion and identifying those
portions of the record in the case which it believes demonstrate the absence of a genuine issue of
material fact.  *Id.,* 477 U.S. at 323.  The non-moving party must then go beyond the pleadings
and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.

In reviewing the evidence, factual controversies are to be resolved in favor of the
nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."

2

*Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such

contradictory facts exist, the court may "not make credibility determinations or weigh the

evidence."  *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150, 120 S. Ct. 2097, 147

L. Ed. 2d 105 (2000).  Applying this standard, the Court finds as follows:[1]

       1.        Due Process (Claim One)

Plaintiff asserts a violation of his right to due process under the fourth, sixth, and

fourteenth amendments of the U. S. Constitution.  However, "most rights secured by the

Constitution are protected only against infringement by governments."  *Ballard v. Wall*, 413 F.3d

510, 518 (5th Cir. 2005) (citations omitted).  Here, no state action has been alleged.  Thus,

Plaintiff has failed to state a claim for a due process violation.

       2.        Discrimination (Claims Two, Three and Four)

Weyerhaeuser has not challenged Plaintiff's discrimination claims under Title VII, 42

U.S.C.A. § 2000e-2; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; or the

Americans with Disabilities Act, 42 U.S.C. § 12101.  However, the management defendants are

not employers as contemplated by the statutes, and the law does not provide a cause of action

against them individually.  *Smith v. Amedisys Inc.*, 298 F.3d 434 (5th Cir. 2002)*; Indest v.

Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999); *Grant v. Lone Star Co.*, 21 F.3d

649 (5th Cir. 1994).  Therefore, Plaintiff has failed to state a claim for discrimination as to the

management defendants.

---

[1]Plaintiff argues in response to Defendants' motions that the standard for fraudulent joinder applies; however, there is no motion to remand pending before the Court.

3.      Employment-Related Claims (Claims Five, Seven, Eight and Seventeen)

While Plaintiff's claims of harassment, unsafe working environment, hostile working environment, and unconscionability may relate to Plaintiff's employment and contract claims, they are generally not causes of action in and of themselves, and Plaintiff has cited no authority which supports a different conclusion.  Therefore, these counts of the Amended Complaint fail to state claims separate from Plaintiff's other claims and should be dismissed.

4.      Breach of Fiduciary Duties (Claim Ten)

Although Plaintiff asserts a claim of breach of fiduciary duties, the Amended Complaint does not allege a special relationship or facts from which the Court might infer that a fiduciary duty was owed to Plaintiff by any of the Defendants.  Plaintiff's bare and conclusory allegation that Defendants breached a fiduciary duty is insufficient to state a claim.  *Keszenheimer v. Boyd,* 897 So. 2d 190, 194 (Miss. App. Ct. 2004) (citing *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1216 (Miss. 1996)).  Finally, Plaintiff's only response to Defendants' motions on this point incorrectly suggests that a claim exists because the management defendants had a fiduciary duty *to Weyerhaeuser.*  The Court therefore concludes that Plaintiff has failed to state a claim for breach of fiduciary duty.

5.      False Arrest (Claim Twelve)

False arrest is an intentional tort which occurs when one causes another to be arrested falsely, unlawfully, maliciously and without probable cause.  *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990).  "The key to resolving this issue is to examine whether the defendants had probable cause" to take legal action against Plaintiff.  *Croft v. Grand Casino*

4

*Tunica, Inc.*, 910 So. 2d 66, 76 (Miss. App. Ct. 2005).  Based on the record, Barnes had probable

cause to take legal action.

According to the record evidence, Barnes asked Plaintiff to "either put on his safety

glasses or leave the company's premises."  Plaintiff refused to leave, the Magnolia City Police

Department was called, and the police escorted Plaintiff from the premises.  Declaration of

Charles Barnes ¶¶2-3, 5.  These facts are undisputed, and Plaintiff admits that he refused to leave

the premises when asked to do so.  Plaintiff's Memorandum in Response to Defendants' FRCP

12(B)(6) Motion to Dismiss at 1.  Therefore, the Court finds that probable cause existed for

Barnes to have the police escort Plaintiff from the premises, and Defendants are entitled to

judgment on this claim.  *Kelly v. Beau Rivage Resorts, Inc*., 184 Fed. App'x. 364, 365 (5th Cir.

2006) (affirming summary judgment of false arrest claim where police were called after patron

refused to leave premises).

6.      Defamation (Claims Six and Fourteen)

Plaintiff alleges that "the defendants reported to the police department information

against Gene Downs that was incorrect."  According to the Amended Complaint, defendant

Barnes called the police and no other defendant made a statement to the police.  The Amended

Complaint therefore fails to state a claim of defamation as to the remaining management

defendants.

To establish a defamation claim against Barnes or Weyerhaeuser, plaintiff must establish:

(1) a false and defamatory statement regarding the plaintiff; (2) unprivileged publication to a

third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either

5

actionability of statement irrespective of special harm or existence of special harm caused by publication of the defamatory statement. *Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001).

However, Mississippi law recognizes a qualified privilege for communications with law enforcement concerning a suspected crime. *See Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1119-21 (Miss. 1998). In addition, "an employer enjoys a qualified privilege when commenting on personnel matters to those who have a legitimate and direct interest in the subject matter of the communication." *Bulloch v. City of Pascagoula*, 574 So. 2d 637, 642 (Miss. 1990). This case presents both issues. *See, e.g., Howell v. Operations Management Intern., Inc.*, 77 Fed. App'x 248, 250 (5th Cir. 2003).

"If a qualified privilege does exist, the Court must then determine whether the privilege is overcome by malice, bad faith, or abuse." *Eckman v. Cooper Tire & Rubber Co.*, 893 So. 2d 1049, 1052 (Miss. 2005). Here, the Amended Complaint alleges "bad faith" in the arrest. Amended Complaint at ¶ XIII. While the claim might therefore survive a Rule 12(b)(6) inquiry, Defendants have submitted record evidence of the communications with the police, Plaintiff admits that he did not leave when asked, and this Court has already ruled that probable cause existed. The unrebutted record demonstrates no malice or bad faith with respect to the communications with the police.

Even if Plaintiff could establish malice or bad faith, Plaintiff's defamation claims would fail nevertheless. Plaintiff's Amended Complaint never actually identifies the allegedly defamatory statements, averring only that Defendants reported "incorrect" information to the police. The only record evidence regarding the statements to the police is found in Barnes's declaration in which he states: "All I told the police was that I had asked Mr. Downs to leave the

6

premises because he would not put on his safety glasses and he refused to leave." Plaintiff's response agrees that nothing more was said, removing a potential fact question as to the extent of the comments. *See* Plaintiff's Memorandum in Response to Defendants' FRCP 12(B)(6) at 5.

The Court finds that Barnes's statements do not create grounds for a defamation claim. Whether or not Plaintiff refused to wear safety glasses was immaterial to the police action and not otherwise actionable. *See Fulton v. Miss. Publishers Corp.,* 498 So. 2d 1215, 1216-17 (Miss. 1986) (defamation must have capacity to injure reputation, and "if the statement was not defamatory, little else matters."). However, the reason given for having Plaintiff removed–his refusal to leave–is material. On this issue, Plaintiff admitted that he "refused to leave and the police were summoned to remove him from the premises." Plaintiff's Memorandum in Response to Defendants' FRCP 12(B)(6) at 1. Accordingly, Plaintiff has admitted to the truth of the only material statement, and truth is an absolute defense to defamation. *Fulton* at 1217. Finding no genuine issue of material fact, the Court concludes that Plaintiff's defamation claims should be dismissed as to all Defendants.

7.    Breach of Implied Contract (Claim Nine)

Weyerhaeuser seeks dismissal of the breach of implied contract claim asserting that no contract exists. The management defendants seek dismissal asserting that even assuming a contract, they cannot be liable for its breach. In response, Plaintiff argues that all Defendants are liable for breach of contract due to the "handbook exception" to the employment at-will doctrine. Plaintiff's Memorandum in Response to Defendants' FRCP 12(B)(6) at 6 (citing *Bobbitt v. Orchard, Ltd.*, 603 So. 2d 356 (Miss. 1992)).

7

In *Bobbitt v. Orchard, Ltd.,* the Mississippi Supreme Court recognized an exception to the employment at-will doctrine.  Under certain circumstances, employers are required to follow their procedures for disciplining or discharging employees for misconduct specifically covered by an employment manual.  *Bobbitt*, 603 So. 2d at 361.  The exception is, however, limited.  *See, e.g., Byrd v. Imperial Palace of Miss.*, 807 So. 2d 433 (Miss. 2001) (affirming summary judgment and holding that employment handbook with effective disclaimer creates no contractual duties).

As Defendants observe, Plaintiff's Amended Complaint does not expressly allege that an employment contract was created by the employee handbook.  However, the limited number of exceptions to Mississippi's at-will employment doctrine places the reference to implied contract in some context, the Court will not dismiss the breach of implied contract claim based solely on the fact that the Amended Complaint was poorly drafted.  *See Matthews v. United States*, 456 F.2d 395, 397 (5th Cir. 1972) ("[C]omplaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")  (citing *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 21 L. Ed. 2d 80 (1957)).  Moreover, the Court has not seen the handbook referenced in Plaintiff's response, or any other record evidence, and finds that the issue is not ripe for adjudication with respect to Weyerhaeuser.

As for the management defendants, they are not liable for the alleged breach of a contract to which they were not parties.  *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005).  The parties to any employment contract necessarily include the employer and employee, in this case, Weyerhaeuser and Plaintiff.  The management defendants acted as agents

for a disclosed principle, and "Mississippi law is clear:  an agent of a disclosed principal is not a

party to his principal's contract and cannot be liable for its breach."  *Rogers v. Nationwide Prop.*

*& Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss. 2006) (*citing Jabour*, 362 F. Supp. 2d at

740-41).  Finally, the handbook exception creates no individual liability for the employer's

agents, and Plaintiff has failed to cite any authority creating such liability.  Claim Nine is

therefore dismissed as to the management defendants.

  8.  Conspiracy (Claim Thirteen)

  To establish conspiracy, Plaintiff must prove: (1) two or more persons or corporations;

(2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4)

one or more unlawful acts; and (5) damages as the proximate result." *Gallagher Bassett Servs.,*

*Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004).  Plaintiff alleges that Defendants conspired to

"destroy [Plaintiff's] employment and personal character," but has failed to establish the first

essential element of the claim.

  According to the Fifth Circuit Court of Appeals:

> It is basic in the law of conspiracy that you must have two persons or entities to
> have a conspiracy. A corporation cannot conspire with itself any more than a
> private individual can, and it is the general rule that the acts of the agent are the
> acts of the corporation.

*Nelson Radio & Supply Co. v. Motorola, Inc*., 200 F.2d 911, 914 (5th Cir. 1952).  Therefore,

unless "individual defendants are . . . shown to have acted outside of their employment

capacities, they are incapable of conspiring with their corporate employer."  *Cooper v. Drexel*

*Chem. Co.*, 949 F. Supp. 1275, 1285 (N.D. Miss. 1996).  Numerous federal courts have applied

this principle when dismissing conspiracy claims under Mississippi law.  *Frye v. American Gen.*

*Fin., Inc.*, 307 F. Supp. 2d 836, 843-44 (S.D. Miss. 2004); *Brumfield v. Pioneer Credit Co.,* 291 F. Supp. 2d 462, 470 (S.D. Miss. 2003); *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 825 (S.D. Miss. 2002); *Ross v. Citifinancial, Inc.*, 2002 WL 461567 *11 (S.D. Miss., March 18, 2002), aff'd 344 F.3d 458 (5th Cir. 2003)*; Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, *4 (N.D. Miss., August 29, 2002).

In this case, there is no allegation that the management defendants acted outside the scope of their employment.  To the contrary, the Amended Complaint identifies each management defendant in terms of his position at Weyerhaueser.  Moreover, Plaintiff's response asserts that Weyerhaueser is responsible for the management defendants' actions because they acted within their authority.  *See, e.g.*, Plaintiff's Memorandum in Response to Defendants' FRCP 12(B)(6) at 10.  Accordingly, Plaintiff has failed to state a claim for conspiracy and the claim should be dismissed.[2]

    9.    Negligent and Wrongful Termination (Claims Fifteen and Sixteen)

Weyerhaueser relies on the at-will employment doctrine in its motion to dismiss Claims Fifteen and Sixteen.  However, as previously decided, Plaintiff's Amended Complaint is minimally sufficient to allege the handbook exception recognized in *Bobbitt*.  Whether that exception applies in this case will require review of the handbook which is not presently before the Court.

---

[2]Plaintiff's only response to the motion to dismiss the conspiracy claim was that the management defendants "conspired to tortiously interfere with Downs employment . . . ."  Plaintiff's Memorandum in Response to Defendants' FRCP 12(B)(6) at 8.  Tortious interference is a well recognized cause of action in Mississippi and yet was not pled among the seventeen separate claims asserted in Plaintiff's Amended Complaint.  Moreover, this reference does not establish a conspiracy claim for the reasons stated.

Second, Plaintiff's response asserts the public policy exception to the at-will employment doctrine as first recognized in *McArn v. Allied Bruce-Terminix Co., Inc.,* 626 So. 2d 603 (Miss. 1993).  Under Mississippi law, at-will employment may generally be terminated without justification except "[w]here an employee is terminated because he or she has refused to participate in an illegal activity or has reported an illegal activity of his employer to the employer or to anyone else, . . . ." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001).

Here, Plaintiff alleges that Defendants retaliated against him for his "insistence on following the safety rules."  Plaintiff's Memorandum in Response to Defendants' FRCP 12(B)(6) at 2.  Plaintiff further alleges:  "On several occasions Mr. Downs reported the dangerous and hazardous work conditions in which he and other employees was [sic] working . . . Downs followed procedure by filing written complaints with management about the safety infractions. Over time, because of Downs persistent concern with following safety rules he incurred disfavor with management."[3]  The Court finds that absent record evidence on this point, the Amended Complaint states a claim as to Weyerhaueser.  Thus, the motion to dismiss the wrongful termination claim is denied.  However, a claim of negligent discharge alone is subject to the at-will employment doctrine, and the Court found no Mississippi cases recognizing such a claim in this context.

---

[3]Nowhere in the Amended Complaint does Plaintiff actually allege that he was discharged for complaining of safety violations.  In fact, Claims Fifteen and Sixteen fail to specifically state why the discharge was wrongful or negligent.  Still, the Amended Complaint does mention the safety complaints, and at this early stage of the case, the Court finds that dismissal is not a proper remedy for the vagueness of Plaintiff's pleading.  *Matthews,* 456 F.2d at 397.

As for the management defendants, Plaintiff's response does not appear to contest this issue.  Plaintiff cites two cases for the proposition that an employer can be liable for the acts of its supervisory employees.  Memorandum in Response to Defendants' FRCP 12(B)(6) at 9 (citing *Long v. Eastfield College*, 88 F.3d 300 (5th Cir. 1996); *Shager v. Upjohn Co.,* 913 F.2d 398, 404 (7th Cir. 1990)).  Plaintiff concludes, "Therefore, the negligent or wrongful termination of th [sic] individual managers and supervisors is imputed to the employers."  *Id.*  Plaintiff cites no cases indicating that the management employees are individually liable for the discharge, and as previously ruled, the management defendants were not parties to Plaintiff's allege employment contract and not liable for its alleged breach.  Consequently, Claims Fifteen and Sixteen are dismissed as to the management defendants.

III.    Conclusion

The Court finds that all claims are dismissed as to the management defendants.  All claims except age, race and disability discrimination, wrongful termination, and breach of implied contract are dismissed as to Weyerhaueser.

ACCORDINGLY, IT IS HEREBY ORDERED that summary judgment is granted as to defendants:  Lane, Ritchie, Holloway, Barnes, Bean and Robinson, and partial summary judgment is granted as to Weyerhaueser.

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2007.

s/ *Daniel P. Jordan III*_____
UNITED STATES DISTRICT JUDGE